## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HONG T. DUONG             :
502 N. Union Street           :
Olean, NY 14760            :
                             :

CHRISTOPHER T. GIERMEK    :
310 Front Street             :
Olean, NY 14760            :
          Plaintiffs         :
      v.                      :
                             :    CIVIL ACTION – LAW
DAVID COPELAND, JR.       :    JURY TRIAL DEMANDED
132 Sierra Street            :
Waterbury, CT 06704       :
                             :

ROCKET EXPEDITING, LLC    :
2939 Kenny Road, Suite 220    :
Columbus, OH 43221        :    No.
          Defendants      :

## COMPLAINT

NOW comes Plaintiffs Hong T. Duong and Christopher T. Giermek, by and through their undersigned counsel, Munley Law, P.C. and avers as follows:

## PARTIES

1.      Plaintiff Hong T. Duong ("Plaintiff Duong") is a competent adult individual who resides at 502 N. Union Street, Olean, New York 14760.

2.      Plaintiff Christopher T. Giermek ("Plaintiff Giermek") is a competent adult individual who resides at 310 Front Street, Olean, New York 14760.

3.      Defendant David Copeland, Jr. ("Defendant Copeland") upon information and belief is a competent adult individual who resides at 132 Sierra Street, Waterbury, Connecticut 06704.

4.      Defendant Rocket Expediting, LLC ("Defendant Rocket Expediting") upon information and belief is a limited liability corporation and/or other business entity organized and existing under the laws of the state of Ohio with a principal place of business located at 2939 Kenny Road, Suite 220, Columbus, Ohio 43221.

## JURISDICTION AND VENUE

5.      The amount in controversy in this matter exceeds the sum or value of $75,000.00.

6.      Plaintiff Duong and Plaintiff Giermek are domiciled in New York and are therefore deemed citizens of New York.

7.      Upon information and belief, Defendant Copeland is domiciled in Connecticut and is therefore deemed a citizen of Connecticut.

8.      Upon information and belief, all of the members of Defendant Rocket Expediting, LLC are citizens of Ohio.

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

10.     Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

11.     At all times pertinent hereto, upon information and belief, Defendant Copeland was the agent, servant, workman, contractor and/or employee of Defendant Rocket Expediting and was acting within the course and scope of his agency and/or employment.

12.     At all times pertinent hereto, Defendant Copeland was the operator of a 2023 tractor, Illinois license plate number P1154470 and was towing a six (6) axle 2024 semi-trailer Illinois tag number 937597ST.

13.     At all times pertinent hereto, Defendant Rocket Expediting was the owner of the aforementioned six (6) axle semi-truck operated by Defendant Copeland.

14.     At all times pertinent hereto, Plaintiff Christopher T. Giermek was the operator of a 2023 Toyota Rav 4, New York license plate number KAV8596 owned by Plaintiff Hong T. Duong.

15.     At all times pertinent hereto, Plaintiff Hong T. Duong was a passenger in the aforementioned vehicle operated by Plaintiff Christopher T. Giermek.

16.     On or about October 23, 2023, at approximately 6:52 am, Plaintiff Giermek was operating the aforementioned vehicle traveling southbound on State

Highway 970/Shawville Highway, Bradford Township, Clearfield County,

Pennsylvania approaching the intersection with Wooodland Bigler Highway,

Bradford Township, Clearfield County, Pennsylvania.

17.    At that time, Plaintiff Giermek began to slow down as he was

approaching a red light at the intersection.

18.    At the same time and place, Defendant Copeland was operating the

aforementioned six (6) axle semi-trailer traveling southbound on State Highway

970/Shawville Highway, Bradford Township, Clearfield County, Pennsylvania

approaching the intersection with Wooodland Bigler Highway, Bradford

Township, Clearfield County, Pennsylvania directly behind Plaintiffs' vehicle.

19.    Defendant Copeland operated his vehicle in such a negligent, careless,

and reckless manner that he failed to slow for the stopped traffic ahead and

suddenly and violently crashed into the rear end of Plaintiffs' vehicle occupied by

Plaintiff Duong and Plaintiff Giermek.

20.    Defendant Copeland failed to slow down and stop at the continuous

red traffic light ahead of him despite a clear sight distance and no obstructions to

his vehicle of the vehicle in front of him.

21.    The force of the impact caused the Plaintiffs' vehicle to be pushed off

the right side of the roadway and causing the vehicle to turn so it was facing

eastbound when it came to a final rest.

22.     Upon information and belief, the six (6) axle semi-trailer owned by Defendant Rocket Expediting and operated by Defendant Copeland was an oversized load and contained hazardous materials.

23.     Following the crash, Defendant Copeland indicated that he was unable to stop his vehicle due to it being loaded.

24.     As a result of the aforesaid collision, Plaintiff Hong T. Duong suffered, yet suffers and will suffer from for an indefinite time in the future injuries including but not limited to: Post concussion syndrome, anxiety, post-traumatic stress disorder, insomnia, visual loss, disorder of eye and adnexa, pain in right shoulder, pain in left shoulder, radiculopathy cervicothoracic region and lumbar region, cervicalgia, lower back pain, pain in thoracic spine, neuralgia, neuritis, pain in both legs, dizziness, giddiness, headaches, contusion of head and shock to her nerves and nervous system, all of which caused her, continue to cause her and will cause her for an indefinite time in the future great pain, agony and suffering, both physical and mental.

25.     As a result of the aforesaid collision and injuries sustained, Plaintiff Hong T. Duong has been forced to undergo medical treatment, including but not limited to diagnostic studies, injections, medication, therapies, and will/may be forced to undergo medical treatment at an undetermined time in the future.

26.    As a result of the aforesaid collision, Plaintiff Christopher T. Giermek suffered, yet suffers and will suffer from for an indefinite time in the future injuries including but not limited to: right rotator cuff tear, right subchondral cysts of the humeral head, right superior labrum anterior to posterior (SLAP) tear, right shoulder pain, right arm weakness, impingement syndrome of right shoulder, cervicalgia, spondylosis thoracic region and lumbar region, spinal stenosis lumbar region, intervertebral disc displacement thoracic region and lumbar region, lower back pain, dorsalgia, contusion of back wall of thorax, and shock to his nerves and nervous system, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

27.    As a result of the aforesaid collision and injuries sustained, Plaintiff Christopher T. Giermek has been forced to undergo medical treatment, including but not limited to surgery, diagnostic studies, injections, medication, therapies, and will/may be forced to undergo medical treatment at an undetermined time in the future.

28.    As a result of the aforesaid collision and injuries sustained, Plaintiffs have expended, yet expend, and will expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in

and about endeavoring to treat themselves and cure their injuries all to their great
financial loss and damage.

29.    As a result of the aforesaid collision and injuries sustained, the
Plaintiffs have been, yet are, and will for an indefinite time in the future, be unable
to go about their usual and daily occupations and routines.

30.    As a result of the aforesaid collision and injuries sustained, Plaintiffs
have been and yet will for an indefinite time in the future be forced to forego the
pleasures of life.

31.    As a result of the collision and injuries sustained, Plaintiffs have
suffered, yet suffer, and will continue to suffer wage diminution or lessening of
their earning power and earning capacity, and will continue to suffer same forever
in the future.

32.    As a direct and proximate result of the Defendants' negligence and the
injuries sustained by Plaintiffs as a result of that negligence, the Plaintiffs have
experienced the following damages, losses and disabilities consisting of, but not
limited to, the following:

    a.  Past, present, and future pain and suffering;

    b.  Past, present, and future emotional distress and mental anguish;

    c.  Past, present, and future medical expenses;

    d.  Past, present, and future disfigurement and scarring;

e.  Past, present, and future loss of life's pleasures;

f.  Past, present, and future loss of earnings and/or loss of earning

capacity.

33.    All the conditions, disabilities, medical impairments and/or injuries

and damages suffered by Plaintiffs are directly related to the tortious actions of

Defendants Copeland and Rocket Expediting and said Defendants are individually,

and jointly and severally liable to Plaintiffs.

34.    The conduct of the Defendants was outrageous and/or done willfully,

wantonly, and/or with reckless indifference to the rights of the public, including

Plaintiffs.

### COUNT ONE
### Hong T. Duong v. David Copeland, Jr.
### Negligence

35.    The above paragraphs are incorporated herein by reference as if fully

set forth here at length.

36.    The aforesaid collision was due solely to the negligent conduct,

careless conduct and gross, wanton and reckless conduct of Defendant Copeland

and in no way due to any negligent act or failure to act on the part of Plaintiff

Duong.

37.    The negligent conduct, careless conduct and gross, wanton and

reckless of Defendant Copeland consisted of the following:

a.  Following too closely in violation of 75 Pa. C.S.A. §3310(a);

b.  Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3);

c.  Failure to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a);

d.  Driving too fast for conditions in violation of 75 Pa. C.S.A. §3361;

e.  Failing to maintain a proper speed in violation of 75 Pa. C.S.A. §3361;

f.  Driving a commercial motor vehicle without the proper requirements in violation of 75 Pa. C.S.A. §1606;

g.  Operating a vehicle with unsafe equipment in violation of 75 Pa.C.S.A. §4107(b)(2);

h.  Negligently operating an oversized load containing hazardous materials;

i.  Driving while distracted;

j.  Driving too fast for conditions;

k.  Failure to keep a proper lookout;

l.  Failure to properly observe the roadway;

m. Failure to brake his vehicle;

n.  Failure to properly control his vehicle;

o.  Failure to take proper and evasive action;

p.  Failure to keep his eyes on the roadway;

q.  Falling asleep while driving;

r.  Failure to maneuver his vehicle so as to avoid a collision;

s.  Failure to exercise a degree of care which an ordinary and prudent
person would have done under the circumstances;

t.  Failure to remain attentive and to maintain a sharp lookout for the
conditions of travel;

u.  Failure to slow or bring his vehicle to a stop to avoid the impact with
the Plaintiff's vehicle;

v.  Failure to maintain adequate control over his vehicle;

w.  Operating his commercial motor vehicle without due regard for the
rights, safety, and position of Plaintiff lawfully on the roadway;

x.  Driving recklessly and with willful and wanton disregard for the
safety of persons or property in violation of 75 Pa. C.S.A. §3736;

y.  Operating his vehicle so recklessly that he placed Plaintiff in danger
of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

z.  Operating his vehicle in a careless manner in violation of 75 Pa.
C.S.A. §3714;

aa. Failure to adequately inspect his vehicle prior to operating the vehicle

in that the brakes were out of adjustment;

bb. Failure to property maintain the vehicle, including the brakes and

braking system;

cc. Failure to inspect the vehicle prior to operating the vehicle;

dd. Failure to give warning of his approach;

ee. Failure to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. §3361;

ff. Failure to slow down in light of the conditions then and there existing

in violation of 75 Pa.C.S.A. §3361;

gg. Operating his vehicle while being distracted and/or fatigued in

violation of 49 C.F.R. §392.3;

hh. Failure to exercise extreme caution in the operation of his vehicle

when hazardous conditions adversely affected his visibility and/or

traction in violation of 49 C.F.R. §392.14;

ii. Failure to reduce his speed when hazardous conditions adversely

affected his visibility and/or traction in violation of 49 C.F.R.

§392.14;

jj. Failure to discontinue the use of his commercial motor vehicle when

hazardous conditions adversely affected his visibility and/or traction

in violation of 49 C.F.R. §392.14

kk. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ll. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

mm.    Operating his vehicle when he was so ill or fatigued as to make it unsafe for him to operate the vehicle in violation of 49 C.F.R. §392.3;

nn. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

oo. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

pp. Operating his vehicle when he knew or should have known that he was unfit to do so;

qq. Failure to record his duty status properly in violation of 49 C.F.R. §395.8;

rr. Driving while using a cellular phone without a Bluetooth or hands free device;

ss. Sending, reading and writing a text-based communication while operating a motor vehicle;

tt. Texting while driving in violation of 49 C.F.R. §392.80;

uu. Driving while using a hand-held mobile telephone in violation of 49 C.F.R. §392.82; and

vv. Acting with a conscious disregard for the rights and safety of Plaintiff.

38.    As a result of the above-stated acts and omissions, Plaintiff Duong has suffered such harm as has been previously stated herein.

39.    Additionally, the aforementioned acts constitute a reckless indifference to the risk of injury to Plaintiff Duong. As a result, Plaintiff Duong is seeking an award of punitive damages against Defendant Copeland.

WHEREFORE, Plaintiff Hong T. Duong demands judgment against Defendant David Copeland, Jr., jointly and severally, in an amount in excess of $75,000.00, including compensatory and punitive damages, plus interest, costs and such other relief as this Court deems appropriate.

## COUNT TWO
### Hong T. Duong v. Rocket Expediting, LLC
### Negligence

40.    The above paragraphs are incorporated herein by reference as if fully set forth here at length.

41.    The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Rocket Expediting, LLC and/or its agents, ostensible agents, servants, workmen, and/or

13

employees and in no way due to the negligent act or failure to act on the part of

Plaintiff Hong T. Duong.

42.    The negligent conduct, careless conduct, and gross, wanton and

reckless conduct of Defendant Rocket Expediting, LLC by and through the acts

and or omissions of its agents and/or employees, including but not limited to

Defendant Copeland consisted of the following:

 a.  Following too closely in violation of 75 Pa. C.S.A. §3310(a);

 b.  Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A.
  §3112(a)(3);

 c.  Failure to obey a traffic control device in violation of 75 Pa. C.S.A.
  §3111(a);

 d.  Driving too fast for conditions in violation of 75 Pa. C.S.A. §3361;

 e.  Failing to maintain a proper speed in violation of 75 Pa. C.S.A.
  §3361;

 f.  Driving a commercial motor vehicle without the proper requirements
  in violation of 75 Pa. C.S.A. §1606;

 g.  Operating a vehicle with unsafe equipment in violation of 75
  Pa.C.S.A. §4107(b)(2);

 h.  Negligently operating an oversized load containing hazardous
  materials;

i.  Driving while distracted;

j.  Driving too fast for conditions;

k.  Failure to keep a proper lookout;

l.  Failure to properly observe the roadway;

m. Failure to brake his vehicle;

n.  Failure to properly control his vehicle;

o.  Failure to take proper and evasive action;

p.  Failure to keep his eyes on the roadway;

q.  Falling asleep while driving;

r.  Failure to maneuver his vehicle so as to avoid a collision;

s.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

t.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

u.  Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

v.  Failure to maintain adequate control over his vehicle;

w. Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

x.  Driving recklessly and with willful and wanton disregard for the

safety of persons or property in violation of 75 Pa. C.S.A. §3736;

y.  Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

z.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

aa. Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

bb. Failure to property maintain the vehicle, including the brakes and braking system;

cc. Failure to inspect the vehicle prior to operating the vehicle;

dd. Failure to give warning of his approach;

ee. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

ff.  Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

gg. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

hh. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

ii. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

jj. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

kk. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ll. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

mm.    Operating his vehicle when he was so ill or fatigued as to make it unsafe for him to operate the vehicle in violation of 49 C.F.R. §392.3;

nn. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

oo. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

pp. Operating his vehicle when he knew or should have known that he was unfit to do so;

qq. Failure to record his duty status properly in violation of 49 C.F.R.

§395.8;

rr. Driving while using a cellular phone without a Bluetooth or hands free device;

ss. Sending, reading and writing a text-based communication while operating a motor vehicle;

tt. Texting while driving in violation of 49 C.F.R. §392.80;

uu. Driving while using a hand-held mobile telephone in violation of 49 C.F.R. §392.82; and

vv. Acting with a conscious disregard for the rights and safety of Plaintiff.

43. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Rocket Expediting, LLC Inc. in its own right, consisted of the following:

a. Negligently entrusting Defendant Copeland with its vehicle when it knew or should have known that Defendant Copeland lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Negligently entrusting Defendant Copeland with its vehicle when it knew or should have known that Defendant Copeland would negligently operate the oversized load containing hazardous materials;

c.  Failing to adequately instruct Defendant Copeland in the safe operation of the oversized load prior to entrusting him with it;

d.  Failing to adequately instruct Defendant Copeland in the safe operation of the vehicle prior to entrusting him with it;

e.  Failing to prevent Defendant Copeland from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

f.  Failing to adequately ascertain that Defendant Copeland lacked the ability necessary to safely operate the vehicle under the circumstances;

g.  Negligently hiring, supervising, training, and/or retaining Defendant Copeland;

h.  Negligently hiring Defendant Copeland when it knew or should have known of his propensity for speeding and driving while ill, fatigued, and/or distracted which made him unfit to safely operate a commercial vehicle;

i.  Failure to provide Defendant Copeland with the equipment necessary to safely operate the vehicle;

j.  Failure to maintain the brakes on the tractor-trailer;

k.  Failure to adequately train and oversee their employees, including
    Defendant Copeland, in the inspection and operation of its tractor
    trailer;

l.  Failure to properly qualify Defendant Copeland as required by 49
    C.F.R. §391 et seq.;

m. Failure to property maintain the vehicle, including the brakes and
    braking system;

n.  Failure to properly monitor driver performance;

o.  Permitting Defendant Copeland to operate its vehicle when it knew or
    should have known that he was too fatigued to do so safely in
    violation of 49 C.F.R. §392.3;

p.  Permitting Defendant Copeland to operate its vehicle when it knew or
    should have known that he did not have the proper operating
    privileges;

q.  Permitting Defendant Copeland to operate its vehicle when it knew or
    should have known that he was unfit to do so;

r.  Permitting Defendant Copeland to operate its vehicle when it knew or
    should have known that he would drive while using a cellular phone
    without a Bluetooth or hands free device;

s.  Permitting Defendant Copeland to operate its vehicle when it knew or
should have known that he would send, read, or write a text-based
communication while operating a motor vehicle;

t.  Permitting Defendant Copeland to operate its vehicle when it knew or
should have known he would drive while being distracted and/or
fatigued;

u.  Permitting Defendant Copeland to operate its vehicle when it knew or
should have known that the requirements for Defendant Copeland to
earn income from operating its vehicle would cause Defendant
Copeland to violate the rules of the road and/or drive while distracted
and/or fatigued;

v.  Failing to monitor and/or regulate its drivers' hours, audit its drivers'
logs, and to have a policy in place to address fatigue in its drivers;

w.  Scheduling a run and/or requiring Defendant Copeland to operate its
vehicle between points in such periods of time as would necessitate
Defendant Copeland to operate the vehicle at too great a speed in
violation of 49 C.F.R. §392.6;

x.  Permitting Defendant Copeland to operate its vehicle when it knew or
should have known that he was operating the vehicle in excess of the
applicable hours of service in violation of 49 C.F.R. §395.3;

y.  Failure to require Defendant Copeland to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

z.  Aiding, abetting, encouraging and/or requiring Defendant Copeland to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

aa. Failure to conduct a background check of the driving record and history of Defendant Copeland as required by 49 C.F.R. §391, et seq.;

bb. Failure to provide Defendant Copeland with proper training necessary to drive the vehicle; and

cc. Failure to properly supervise Defendant Copeland in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

44.     As a result of the above-stated acts and omissions, Plaintiff Hong T. Duong has suffered such harm as has been previously stated herein.

45.     Additionally, the aforementioned acts constitute a reckless indifference to the risk of injury to Plaintiff Hong T. Duong. As a result, Plaintiff Hong T. Duong is seeking an award of punitive damages against Defendant Rocket Expediting, LLC.

WHEREFORE, Plaintiff Hong T. Duong demands judgment against Defendant Rocket Expediting, LLC, jointly and severally, in an amount in excess of $75,000.00, including compensatory and punitive damages, plus interest, costs and such other relief as this Court deems appropriate.

### COUNT THREE
### Christopher T. Giermek v. David Copeland, Jr.
### Negligence

46.    The above paragraphs are incorporated herein by reference as if fully set forth here at length.

47.    The aforesaid collision was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Copeland and in no way due to any negligent act or failure to act on the part of Plaintiff Giermek.

48.    The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Copeland consisted of the following:

    a.  Following too closely in violation of 75 Pa. C.S.A. §3310(a);

    b.  Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3);

    c.  Failure to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a);

    d.  Driving too fast for conditions in violation of 75 Pa. C.S.A. §3361;

e. Failing to maintain a proper speed in violation of 75 Pa. C.S.A. §3361;

f. Driving a commercial motor vehicle without the proper requirements in violation of 75 Pa. C.S.A. §1606;

g. Operating a vehicle with unsafe equipment in violation of 75 Pa.C.S.A. §4107(b)(2);

h. Negligently operating an oversized load containing hazardous materials;

i. Driving while distracted;

j. Driving too fast for conditions;

k. Failure to keep a proper lookout;

l. Failure to properly observe the roadway;

m. Failure to brake his vehicle;

n. Failure to properly control his vehicle;

o. Failure to take proper and evasive action;

p. Failure to keep his eyes on the roadway;

q. Falling asleep while driving;

r. Failure to maneuver his vehicle so as to avoid a collision;

s. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

t.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

u.  Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

v.  Failure to maintain adequate control over his vehicle;

w.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

x.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

y.  Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

z.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

aa. Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

bb. Failure to property maintain the vehicle, including the brakes and braking system;

cc. Failure to inspect the vehicle prior to operating the vehicle;

dd. Failure to give warning of his approach;

ee. Failure to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. §3361;

ff. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

gg. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

hh. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

ii. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

jj. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

kk. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ll. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

mm.     Operating his vehicle when he was so ill or fatigued as to make it unsafe for him to operate the vehicle in violation of 49 C.F.R.

§392.3;

nn. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

oo. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

pp. Operating his vehicle when he knew or should have known that he was unfit to do so;

qq. Failure to record his duty status properly in violation of 49 C.F.R. §395.8;

rr. Driving while using a cellular phone without a Bluetooth or hands free device;

ss. Sending, reading and writing a text-based communication while operating a motor vehicle;

tt. Texting while driving in violation of 49 C.F.R. §392.80;

uu. Driving while using a hand-held mobile telephone in violation of 49 C.F.R. §392.82; and

vv. Acting with a conscious disregard for the rights and safety of Plaintiff.

49.    As a result of the above-stated acts and omissions, Plaintiff Christopher T. Giermek has suffered such harm as has been previously stated herein.

50.    Additionally, the aforementioned acts constitute a reckless indifference to the risk of injury to Plaintiff Christopher T. Giermek. As a result, Plaintiff Christopher T. Giermek is seeking an award of punitive damages against Defendant Copeland.

WHEREFORE, Plaintiff Christoper T. Giermek demands judgment against Defendant David Copeland, Jr., jointly and severally, in an amount in excess of $75,000.00, including compensatory and punitive damages, plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FOUR
### Christopher T. Giermek v. Rocket Expediting, LLC
### Negligence

51.    The above paragraphs are incorporated herein by reference as if fully set forth here at length.

52.    The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Rocket Expediting, LLC and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Christopher T. Giermek.

53.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Rocket Expediting, LLC by and through the acts

and or omissions of its agents and/or employees, including but not limited to

Defendant Copeland consisted of the following:

    a.  Following too closely in violation of 75 Pa. C.S.A. §3310(a);

    b.  Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A.
      §3112(a)(3);

    c.  Failure to obey a traffic control device in violation of 75 Pa. C.S.A.
      §3111(a);

    d.  Driving too fast for conditions in violation of 75 Pa. C.S.A. §3361;

    e.  Failing to maintain a proper speed in violation of 75 Pa. C.S.A.
      §3361;

    f.  Driving a commercial motor vehicle without the proper requirements
      in violation of 75 Pa. C.S.A. §1606;

    g.  Operating a vehicle with unsafe equipment in violation of 75
      Pa.C.S.A. §4107(b)(2);

    h.  Negligently operating an oversized load containing hazardous
      materials;

    i.  Driving while distracted;

    j.  Driving too fast for conditions;

    k.  Failure to keep a proper lookout;

    l.  Failure to properly observe the roadway;

m. Failure to brake his vehicle;

n. Failure to properly control his vehicle;

o. Failure to take proper and evasive action;

p. Failure to keep his eyes on the roadway;

q. Falling asleep while driving;

r. Failure to maneuver his vehicle so as to avoid a collision;

s. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

t. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

u. Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

v. Failure to maintain adequate control over his vehicle;

w. Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

x. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

y. Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

z. Operating his vehicle in a careless manner in violation of 75 Pa.

C.S.A. §3714;

aa. Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

bb. Failure to property maintain the vehicle, including the brakes and braking system;

cc. Failure to inspect the vehicle prior to operating the vehicle;

dd. Failure to give warning of his approach;

ee. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

ff. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

gg. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

hh. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

ii. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

jj. Failure to discontinue the use of his commercial motor vehicle when

hazardous conditions adversely affected his visibility and/or traction

in violation of 49 C.F.R. §392.14

kk. Failure to properly inspect his vehicle in accordance with 49 C.F.R.

§392.7;

ll. Operating his vehicle in excess of the applicable hours of service rules

in violation of 49 C.F.R. §395.3;

mm.      Operating his vehicle when he was so ill or fatigued as to make

it unsafe for him to operate the vehicle in violation of 49 C.F.R.

§392.3;

nn. Operating his vehicle in such a condition as to likely cause an accident

or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

oo. Failing to properly inspect his vehicle prior to driving to ensure it was

in safe operating condition in violation of 49 C.F.R. §396.13;

pp. Operating his vehicle when he knew or should have known that he

was unfit to do so;

qq. Failure to record his duty status properly in violation of 49 C.F.R.

§395.8;

rr. Driving while using a cellular phone without a Bluetooth or hands

free device;

ss. Sending, reading and writing a text-based communication while

operating a motor vehicle;

tt. Texting while driving in violation of 49 C.F.R. §392.80;

uu. Driving while using a hand-held mobile telephone in violation of 49
C.F.R. §392.82; and

vv. Acting with a conscious disregard for the rights and safety of Plaintiff.

54.    The negligent conduct, careless conduct, and gross, wanton and
reckless conduct of Defendant Rocket Expediting, LLC Inc. in its own right,
consisted of the following:

a.  Negligently entrusting Defendant Copeland with its vehicle when it
knew or should have known that Defendant Copeland lacked
sufficient skill, judgment, and prudence in the operation of the
vehicle;

b.  Negligently entrusting Defendant Copeland with its vehicle when it
knew or should have known that Defendant Copeland would
negligently operate the oversized load containing hazardous materials;

c.  Failing to adequately instruct Defendant Copeland in the safe
operation of the oversized load prior to entrusting him with it;

d.  Failing to adequately instruct Defendant Copeland in the safe
operation of the vehicle prior to entrusting him with it;

e.  Failing to prevent Defendant Copeland from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

f.  Failing to adequately ascertain that Defendant Copeland lacked the ability necessary to safely operate the vehicle under the circumstances;

g.  Negligently hiring, supervising, training, and/or retaining Defendant Copeland;

h.  Negligently hiring Defendant Copeland when it knew or should have known of his propensity for speeding and driving while ill, fatigued, and/or distracted which made him unfit to safely operate a commercial vehicle;

i.  Failure to provide Defendant Copeland with the equipment necessary to safely operate the vehicle;

j.  Failure to maintain the brakes on the tractor-trailer;

k.  Failure to adequately train and oversee their employees, including Defendant Copeland, in the inspection and operation of its tractor trailer;

l.  Failure to properly qualify Defendant Copeland as required by 49 C.F.R. §391 et seq.;

m.  Failure to property maintain the vehicle, including the brakes and

34

braking system;

n.  Failure to properly monitor driver performance;

o.  Permitting Defendant Copeland to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 C.F.R. § 392.3;

p.  Permitting Defendant Copeland to operate its vehicle when it knew or should have known that he did not have the proper operating privileges;

q.  Permitting Defendant Copeland to operate its vehicle when it knew or should have known that he was unfit to do so;

r.  Permitting Defendant Copeland to operate its vehicle when it knew or should have known that he would drive while using a cellular phone without a Bluetooth or hands free device;

s.  Permitting Defendant Copeland to operate its vehicle when it knew or should have known that he would send, read, or write a text-based communication while operating a motor vehicle;

t.  Permitting Defendant Copeland to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

u. Permitting Defendant Copeland to operate its vehicle when it knew or should have known that the requirements for Defendant Copeland to earn income from operating its vehicle would cause Defendant Copeland to violate the rules of the road and/or drive while distracted and/or fatigued;

v. Failing to monitor and/or regulate its drivers' hours, audit its drivers' logs, and to have a policy in place to address fatigue in its drivers;

w. Scheduling a run and/or requiring Defendant Copeland to operate its vehicle between points in such periods of time as would necessitate Defendant Copeland to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

x. Permitting Defendant Copeland to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 C.F.R. §395.3;

y. Failure to require Defendant Copeland to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

z. Aiding, abetting, encouraging and/or requiring Defendant Copeland to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

aa. Failure to conduct a background check of the driving record and history of Defendant Copeland as required by 49 C.F.R. §391, et seq.;

bb. Failure to provide Defendant Copeland with proper training necessary to drive the vehicle; and

cc. Failure to properly supervise Defendant Copeland in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

55.     As a result of the above-stated acts and omissions, Plaintiff Christopher T. Giermek has suffered such harm as has been previously stated herein.

56.     Additionally, the aforementioned acts constitute a reckless indifference to the risk of injury to Plaintiff Christopher T. Giermek. As a result, Plaintiff Christopher T. Giermek is seeking an award of punitive damages against Defendant Rocket Expediting, LLC.

WHEREFORE, Plaintiff Christopher T. Giermek demands judgment against Defendant Rocket Expediting, LLC, jointly and severally, in an amount in excess of $75,000.00, including compensatory and punitive damages, plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW, P.C.**

BY: *Melinda C. Ghilardi*

Melinda C. Ghilardi - I.D. No. 40396
Mackenzie E. Wilson - I.D. No. 330807
Attorneys for Plaintiffs